Filed 5/22/14  P. v. Hall CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C069609 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09312) |
| v. |  |
| MASHAI TILLMAN HALL et al., |  |
| Defendants and Appellants. |  |

Defendants Mashai Tillman Hall and Anthony Xavier Flynn appeal following convictions for second degree robbery (Pen. Code, § 211)[1] on pleas of nolo contendere.

Hall's sole challenge is to the trial court's imposition of a $60 crime prevention fine pursuant to section 1202.5.  Hall says it should be $10; the People say it should be

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of defendants' crimes in 2008.

1

$20.  We order Hall's section 1202.5 crime prevention fine reduced to $10.  We otherwise affirm the judgment as to Hall.

Flynn's attorney filed a brief asking this court to review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Flynn himself asked for, and we granted, an extension of time for him to file a supplemental brief challenging the trial court's denial of a motion to suppress evidence.  However, Flynn never filed the brief.  We have reviewed the record as required by *Wende*, and find no arguable error that would result in a disposition more favorable to defendant Flynn.  We do, however, note a typographical error in Flynn's abstract of judgment which inaccurately refers to Government Code section "703.73" as the basis for a court facility fee.  The correct section number is Government Code section 70373.  As corrected, we affirm the judgment as to Flynn.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves robberies at two banks, initially filed as separate actions.  The first action, case No. 08F09312, charged Hall, Flynn and others who are not parties to this appeal with a November 13, 2008 robbery.  The second action, case No. 10F01962, charged Hall and others who are not parties to this appeal with an earlier robbery, which occurred on October 31, 2008.

In August 2010, the prosecution moved to consolidate the two cases pursuant to section 954 on the ground that the charged crimes are "different offenses of the same class of crimes," noting that both cases involve "bank robberies pursuant to section 211 of the Penal Code."

On August 25, 2010, the trial court granted the consolidation motion.  The court minutes indicate that, in granting consolidation, the trial court dismissed case No. 10F01962 as superseded by an amended consolidated information in case No. 08F09312, which was deemed the lead case.

2

The amended consolidated information charged Hall and others in counts one through six with armed robbery of six persons occurring on October 31, 2008. (§§ 211, 12022, subd. (a).) Counts seven through ten charged Hall, Flynn, and others with conspiracy to commit robbery (§§ 182, 211), robbery of two persons (§ 211), and assault with a firearm (§ 245, subd. (a)(2)) occurring on November 13, 2008. The pleading alleged Hall had prior convictions for robbery (§ 211) and assault with a firearm (§ 245, subd. (a)(2)) on April 8, 2002, which were charged as two prior serious felony enhancement allegations (§ 667, subd. (a)) and two strike allegations (§ 1170.12). The pleading alleged Flynn had prior convictions for criminal threats (§ 422) on June 26, 2003, and assault with a deadly weapon (§ 245, subd. (a)(1)) on October 21, 1993, which were also charged as two prior serious felony enhancement allegations (§ 667, subd. (a)) and two strike allegations (§ 1170.12).

On September 15, 2011, the trial court denied Flynn's motion to suppress evidence. (§ 1538.5.)

Hall and Flynn reached a "package deal" plea bargain to plead no contest to some counts for stipulated terms, with dismissal of other counts and one strike allegation. The prosecutor related to the trial court the factual basis for the pleas:

On October 31, 2008, at least two masked individuals entered the Bank of America at 5001 Laguna Boulevard in Elk Grove, took $76,082.29 by force and fear from the immediate presence of bank tellers, fled in a vehicle, and abandoned the vehicle. In the vehicle, police found a mask containing DNA to a person (who was not before the court), and by virtue of cell phone records, law enforcement was able to trace Hall's phone as being associated with the person whose DNA was on the mask, making Hall an aider and abettor in the October 31, 2008 robbery.

On November 13, 2008, at the Bank of America at 5310 Auburn Boulevard in Sacramento, defendants took money belonging to the Bank of America from the immediate presence of bank tellers, by means of force and fear. Three males in ski

3

masks, one of whom was armed, entered the bank, took $46,213, fled in a vehicle, switched to a Cadillac, and drove to a location associated with Hall. A search revealed tens of thousands of dollars. There was DNA and cell phone evidence linking both defendants as aiders and abettors to the robbery.

Pursuant to the plea bargain, Hall pleaded no contest to counts one, two, four, five, and six (the October 31st robberies) and count eight (the November 13th robbery). Flynn pleaded no contest to count eight (the November 13th robbery). Each admitted two prior serious felony convictions under section 667, subdivision (a) and one prior strike conviction pursuant to section 1170.12. The trial court accepted the pleas and admissions.

The trial court sentenced defendants consistent with the negotiated plea disposition, as follows:

Hall was sentenced to a total of 30 years in state prison: on count one, the upper term of five years, doubled pursuant to the strike (§ 1170.12); consecutive two year terms on counts two, four, five, six, and eight; plus five years for each of the two prior serious felony convictions (§ 667, subd. (a)). The remaining counts and allegations were dismissed. The court ordered Hall to pay restitution, fines, and fees, including a $60 crime prevention fine pursuant to section 1202.5.

Flynn was sentenced to a total of 14 years in state prison: the low term of four years on count eight, plus five years for each of the two prior serious felony convictions (§ 667, subd. (a)). The court imposed fines and fees. The remaining counts were dismissed.

4

## DISCUSSION

### I. Hall's Appeal

Hall's sole contention on appeal is that the trial court erred in imposing a $60 crime prevention fine under section 1202.5,[2] because the statute authorized only one $10 fine per "case." The trial court thought it was required to impose $10 for each count. Hall asks us to reduce the fine to $10.

The People agree the $60 fine was unauthorized and may be challenged on appeal despite failure to object in the trial court. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371.) However, the People maintain section 1202.5 authorized *two* $10 fines here, because the two separate bank robberies were initially filed as two separate cases (case Nos. 08F09312 & 10F01962) and were consolidated by the trial court at the prosecution's request.

As we have noted, in granting consolidation, the trial court dismissed case No. 10F01962. It was superseded by the amended consolidated information, and case No. 08F09312 was deemed the lead case. We also note that the abstract of judgment indicates only case No. 08F09312.

Section 1202.5's crime prevention fine, by its own terms, can be imposed only once in "any case." Here, while there were two robberies at two different banks on two different days, there is nevertheless, only one case because of the consolidation.

The People cite no authority that multiple counts in a single consolidated pleading should be treated as multiple cases. The People merely assert "[t]here is no reason to

---

[2] Section 1202.5 then provided, in pertinent part: "In *any case* in which a defendant is convicted of any of the offenses enumerated in Section 211 . . . , the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. . . . [¶] . . . All moneys collected shall implement, support, and continue local crime prevention programs." (§ 1202.5, subds. (a), (b)(1), italics added.)

give appellant a windfall" by limiting the court to one $10 fine. However, Hall is not receiving a windfall if the statute authorizes only one fine.

We find an analogous situation in *People v. Ferris* (2000) 82 Cal.App.4th 1272, where the court addressed sections 1202.4 and 1202.45, which require imposition of restitution fines "[i]n every case" where a person is convicted of a crime (§§ 1202.4, subd. (b), 1202.45, subds. (a) & (b)). The *Ferris* court held that the trial court erred in imposing restitution fines in each of two cases that had been consolidated. The court noted that the statutes did not specify whether the phrase "every case" meant every separately charged and numbered case or every jointly tried case. Because the penal statutes were ambiguous, the court adopted the construction more favorable to the defendant and concluded the phrase "every case" included a jointly tried case even though it involved charges in separately filed informations. Because the trial court had granted the prosecutor's motion to join the charges for purposes of trial, the charges in the separate informations were effectively joined in one case despite any technical retention of separate case numbers. (*Ferris*, at pp. 1276-1278.)

The instant case is different from the more typical situation involving multiple unconsolidated cases. In *People v. Soria* (2010) 48 Cal.4th 58, our high court held that when separate pleas are entered in separately charged unconsolidated cases, "every case" in sections 1202.4 and 1202.45 plainly means each case filed against the defendant. (*Soria, supra*, 48 Cal.4th at pp. 62-63.) Accordingly, the court in *Soria* concluded *Ferris*, which involved consolidated cases, was inapplicable and applied the settled rule that unconsolidated cases resolved jointly by a global plea bargain remain formally distinct for sentencing purposes. (*Soria*, at pp. 63-64.)

Here, unlike in *Soria*, there was a formal consolidation for trial under one case number. We conclude that only one $10 fine may be imposed under section 1202.5.

## II.  Flynn's Appeal

As indicated, Flynn's appellate counsel filed a brief asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant expressed an interest in filing his own supplemental brief challenging denial of the suppression motion, and we granted him an extension of time to do so, but he did not file a brief.  His request for extension gave no hint as to any basis for challenging denial of the suppression motion.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant Flynn.  We do note, however, a typographical error in the abstract of judgment, which incorrectly cites section "703.73" of the Government Code, rather than "section 70373" as the basis for the $30 court facility fee.  We must order correction of the abstract.

## DISPOSITION

The judgment as to defendant Hall is modified to reduce the section 1202.5 fine to $10.  We further order that the abstract of judgment as to defendant Flynn be corrected to show Government Code section 70373 as the basis for the court facility fee.  The trial court is directed to prepare amended and corrected abstracts of judgment and forward certified copies to the Department of Corrections and Rehabilitation.  The judgments as to defendants Hall and Flynn are otherwise affirmed.

                                                                        MURRAY        , J.

We concur:

ROBIE       , Acting P. J.

BUTZ       , J.

7